The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable John W. Turner presiding. Thank you. Good afternoon. We're here on case number 4-2-3-0-1-7-2. That's People versus Stephen White. Appearing for the appellate is Stephanie Lee and appearing for the appellee is Daniel O'Brien. Ms. Lee, are you ready to proceed? I am. Thank you, Your Honor. Good afternoon. I apologize in advance. I'm fighting bronchitis, so I will do the best I can, obviously. May it please the court and counsel. The state has brought two issues before this court. I will primarily focus my time on issue number one and a little less so on issue number two, but obviously, I'm happy to answer any questions that this court has. Issue number one is the trial court barred our propensity evidence in full for not complying with what was essentially a court's briefing schedule. At the same time, the court actually heard motions from the defense that were also untimely filed. What I believe is very telling is that on the 23rd of February, the trial court said, I feel as though over time, we've become lax in complying with the court's deadlines for filing pretrial motions. It's a we here. It's obviously been a procedure and a policy. Why this case? Why right now? Why punish essentially the state for what obviously has been a policy based on that statement and based on the fact that the defense motions were in fact heard. I don't know of any authority. The people's position is there's no authority for barring important evidence without even doing any balancing as a sanction for non-compliance with a court order. Essentially, even if this were a discovery violation, which it was not, barring evidence is a very, very last resort. What you have here is you had this evidence was clearly disclosed. I would call the attention to the indictment, which is at page 20, C23 to 31 of the record, which described the acts in detail. Then we had the disclosure of the DCFS and the police reports, which is shown at C18 to 19 and at C22 at the record. We have these other victims, victim sensitive interviews, which had been disclosed. It shows that at C23. We even had the grand jury testimony disclosed, which it shows at C46. All of this was done by May 17, 2022, prior to the severing of these charges. At all times, the parties of the court, everybody was aware that the state was planning to bring this motion. I do understand the state said, I will bring a motion. The people's position is actually under the statute that's not required. Assuming it is best practice, the motion was eventually filed. It was filed late. However, there was in fact, no motion to bar this evidence as well. Under the rules of evidence, until there's a motion to bar, there would be no reason to do this weighing. If you compare it to 11510, which is the other issue here, that statute specifically says that there shall be a hearing outside of the presence of the jury. This particular statute says in weighing it, this is what to consider. But if you have any kind of evidence that gets presented without an objection, there is no sua sponte obligation to consider the admissibility of that evidence, just as we'd have a foundation, just as we would have a Rule 403, or a hearsay, or some other objection. Here, defendant did not raise any objection until an untimely period as in fact of an abuse of discretion. In any event, it was an extremely severe extinction. You're punishing the victim as well. And the trial is expected to be a truth-seeking procedure, which has now been thwarted. And you say you're punishing the victim as well. What do you mean? Well, the victim has a right to a trial here. And part of the very important evidence as to A.H.'s claims is the propensity of this defendant to do it to other victims. And that is very, it's admissible by statute for a very good reason. So by precluding that evidence, you are in fact punishing the victim by not allowing the full evidence to her allegations to come forward. I would briefly address issue number two. Obviously in that one, we understand that the court did end up at the last minute reconsidering and admitting some of the testimony, the video evidence. The problem there is the entire, the jury under 11510 is expected to get an instruction to consider the entire context, consider the way it was, the context it was made, the nature of the statement, all of those things, including in that would be the rapport building, the fact that it's repeated and exemplified and enhanced at a second time. And the jury cannot do its weighing procedures with the very limited amount that was going to be allowed. Here, what you had was a, the victim, it was during COVID shutdown. She was wearing a mask. Her braces had been adjusted. That was all explained at the beginning. And the jury was not going to be able to see any of that. So we believe that it was an abuse of discretion to really suppress any of it. And because of the way that the court initially suppressed it on an entirely inaccurate legal ground, we had brought the motion to reconsider on the day of trial, which did not give it, again, full consideration, but we did in fact say, that that was forfeited. Counsel, I have a question. Yes. If a trial judge wishes to set a deadline for the filing of motions in a criminal case by both sides, what can and should the court do to enforce it when apparently is here? Everyone ignored it. Right. I'm not sure what to make of all this. I understand that. What does it all mean? Well, first of all, again, there has apparently been a policy that had become lax or something over time. So why now? Why suddenly? I believe you would have to also put that ahead of time before February 23rd. Here's the order. And by the way, this time I mean it. That would have helped. But also, what can also happen is if there is a specific single attorney who has been violating this policy, then you certainly could give warnings. There could be ARDC complaints. There could be memorandums to the various offices that are seating in front of this trial court regularly. It's often the same agencies. So they could provide notice to the heads of those agencies, the attorneys in those agencies. One other question. Is my understanding correct that both the state and the defense of this case essentially ignored the deadlines and filed their pre-trial motions whenever the mood struck, I guess is the way to put it. Is that right? Absolutely correct. They were all filed late. However, the judge heard two of the defendants' late motions in limine. That in itself would be an abuse of discretion. Did the court explain why it was going to entertain the defendant's late motions and not the state's? Absolutely not. On page, I believe it's 112 and 113 of the common law shows where they were in fact granted. And there is no indication on the record why late motions from a defendant would have been heard. Did the state point out essentially, Judge, wait a minute, you're barring our motions on the grounds of not timely, but you're entertaining and granting some of the defense motions that are equally not timely. Was there any such discussion? Yes and no. What the state said was we still have a right to be heard on their motion to bar our evidence, which we did ask for. We did not specifically object to the hearing of the motion. However, if the court is going to enforce its deadlines, it needs to enforce them fairly. Counsel, with regards to the section 115-10, as you consider the NRAE-KEF case and we speak about our court having jurisdiction as it relates to hearing that issue, don't we have to address the threshold question of whether the nature of the circuit court's ruling was the suppression of evidence before we could determine that we would have jurisdiction to hear the 115-10? Yes, you always have to consider jurisdiction. And here, the people filed their Certificate of Impairment. All of the case law says that that is to be taken on its face that the state has in fact said it is impairing. In terms of suppression, it has suppressed because the 115-10 evidence is evidence in itself. We have a statute that specifically provides that it is evidence in itself, that video. So the fact that you might get some overlap or other oral testimony does not mean you did not suppress this evidence, which is the 115-10. And the legislator has made policy decisions to have 115-10 evidence because of the very serious nature of these types of proceedings and the fact that you were dealing with children. In this case, A.H. was 7 and 8 years old when these things happened to her. It was a family member. There is all those policy reasons why we allow actually both 115-10 and propensity evidence in these cases. So when you bar that, you are absolutely 100% impairing the prosecution of this case. But aren't you, as you've used the term, bar that evidence, aren't you just limiting the means by which it could be presented? Was there evidence in the record that the witness was going to be unavailable to testify? The witness was presumably going to be available to testify. However, again, the video itself is evidence and it's been presented as evidence. So to say that, well, you have another way to show the same thing. No, we don't, because we don't have that video. And the video is supposed to be evidence for the trial of prior effect to consider. And they are instructed to consider it in light of the entire context of that video, which is 115-10C. Without having the video, there's no way for them, obviously, to do that. How do you interpret the Lee case? I'm sorry, what? How do you interpret the case in the Fifth District? Well, personally, obviously our position is that the Lee case is wrong, that you can determine how the people present their case and essentially sanitize it without prejudicing the people. The people have a right to present their evidence in the manner that they see fit. So to preclude what is important, crucial evidence in the people's position, you have impaired our case. And because this is all pre-trial, there is absolutely no way to say on the face of this record that there is other evidence that would, in fact, be equally powerful. Because there's no evidence. What you have is you have the people's representation as an officer of the court through their certificate of impairment. And every case out there has said the certificate of impairment stands. You don't look behind that. Thank you. If there are no further questions, I have hopefully answered your Honor's questions. I see no further questions. You will have rebuttal. Mr. O'Brien, please proceed with your argument. Thank you. May it please the court, counsel. I'm Dan O'Brien. I'm with the Office State Appellate Defender. I represent Stephen White. We have two distinct issues in this case, but they both come down to the same thing, which is the state's failure to exercise the basic diligence that's required of all attorneys for the smooth functioning of the judicial system. This court should affirm the trial court's rulings on both motions, the propensity motion, because the state failed to satisfy the notice requirements, and because the court did not use its discretion in refusing to grant the state more time after it had ignored the court's instructions and deadlines without explanation. As to the 115.10, this court lacks jurisdiction because the court's ruling didn't have the effect of excluding evidence, and because the state waived any further issue when the trial court reversed itself and granted the state everything that it had asked for. Section 115.7.3 explicitly requires notice, and there's no reasonable question that it also requires a hearing outside the presence of the jury. The court has to be provided the evidence and given the opportunity to weigh the probative value and the prejudice before deciding whether to let the jury hear it. None of the cases, not even Braddy, suggests that a hearing isn't required. The statute does not explicitly mention a motion, but this is the obvious practical method for the state to apprise the opposing party in the court of what it intends to introduce. In short, what will be argued at the hearing. The state here acknowledged the appropriateness of filing a motion back in December when it said that it would likely be filing such a motion if the case was set for trial. At that point, both parties in the court agreed on the propriety, at least, of the state filing the motion to have that evidence admitted. A hearing date was set, a deadline was given for the motions to be filed, along with case law and courtesy copies to the court. Counsel, I have a question. Is my understanding correct that the court can deny the motion with regard, the state's motion, with regard to 115.7.3 never addressed the merits? Correct. And you heard the question I asked of counsel for the state, that both the state and the defense in this case appeared to have ignored the trial court's setting of the deadline for the filing of pretrial motions. Is that correct? You would agree, Judge, but I would note that the two really key defense motions at issue here were really responsive. They focused entirely, I believe, or close to entirely on the state's failure to have filed a motion. Well, they were defense motions eliminate, weren't they? Correct. And the court entertained them and granted them? Well, I believe the court actually found them moot because it had denied the state's motion. Well, my point is, why is the court entertaining motions at all? What do we do about the situation where the court apparently is not taking these things seriously until this case, and then, even then, is engaging in considering the defense motions and not the state's motions. Well, as to the, specifically to the defense motions regarding the 7.3 and 115-10, both of them were filed after the January 23rd deadline, but they were filed prior to the February 2nd date that was set for motion hearings. And again, I think in both cases, those motions couldn't have been filed prior to January 23rd because what they were asking for is that the state's motions be denied, or sorry, that the state's evidence in that regard not be admitted because the state had not filed any motions. So, I think there was a reasonable explanation for why those motions were filed after January 23rd. It is true that there were a couple of other motions that the defense filed regarding some of the other evidence, and the state considered those, or sorry, the court considered those. I would just note that the state didn't object to that, and there didn't seem to be any particular controversy about that or hearing on that. It seemed to be a pretty quick matter of saying, yeah, the state doesn't have any issue with this. We're not going to present this evidence. And that's in stark contrast to, as is discussed a lot here, particularly with the 115.7.3, that this was a pretty fact-intensive hearing. There was going to be a lot to cover in this hearing, and that's why the time was of the issue, time was of the essence here, whereas it wasn't really with those motions. Mr. O'Brien, you seem to be arguing that the defendant can file two, I'm going to focus on motions and liminees, number two and three late, and then the state can't even respond. I mean, how could that be fair? And Judge, I think two and three are the ones in reference to 7.3 and 115.10, correct? Yes, the propensity and the hearsay. Right. Defendant files the motions pertaining to the propensity evidence and the hearsay evidence. You admit that they are late, past the court's deadline, and now you seem to argue that the state can't even respond to them. I need some fairness in that. Well, those weren't motions asking to have the issue decided on its merits. Those were just calling the court's attention to the fact that the state hadn't filed a motion and asking to bar it for that reason. In that sense, in essence, they were heard. That was the discussion that the court had when it decided to ultimately deny the motion. It was considering whether or not they should be barred because they were filed late. So there was no new material in there. The defense wasn't asking that the court look at the substance of the motion, so the substance of the evidence, and deny it on that basis. Well, it seems if you file a motion pertaining, we'll just take to 115-7.3, the propensity evidence. My screen went off for a second. It seems like the defendant must have had notice, otherwise why would they file a motion in limine? I would say that there's a difference between the fact that the defense was aware that the state had indicated that it may be looking to introduce propensity evidence. They said that at the December 20th hearing, and they indicated that they were likely to file, I don't think likely is the word, but something to that effect that they would probably be filing a propensity motion. They didn't file that motion, so the defense is saying they never did file that motion, so can we all agree that at this point in time it's too late and they're not going to be able to introduce that evidence. I think that's what's going on there. Well, it would seem to me that if the court has to make certain findings before that propensity evidence is allowed, if the defendant can simply not file a motion at all, when the state then attempted to put that evidence on, the defendant at that time just said, wait a minute, there was no hearing ever held by the court to determine if this should be admissible, so I don't even understand practically what the purpose was for the defendant to file a motion in limine pertaining to 115-7.3, but whatever, that's what happened. You can comment on that if you'd like, Gary. No, I have nothing further to add to that right now. Okay, please proceed if you have more. As far as the notice that's required, three courts have looked at this in reference to three different statutes with identical notice requirements. Brady, of course, found that no motion or notice of the intent to introduce the statute was required. There was not much analysis there. They simply looked to the statute and noted that it wasn't required. Valdez, on the other hand, looked at it in terms of the Supreme Court's decision in Peterson and independently, found that either way, it was required that there be notice of the particular evidence sought to be introduced for a particular purpose. In Peterson, of course, they didn't address that question directly. They were addressing whether or not there had been a notice violation, but it was understood that there was a notice violation. There had been a motion in limine, but it was filed late. There also had been the same kind of discovery disclosure that was involved in this case. The defense was aware of all this rediscovery, but that wasn't enough there. The state had to provide the fact that it intended to disclose that evidence as other crimes for a particular purpose. So, Brady can't be reconciled with Peterson, which is reason enough not to follow Brady because Brady was desired prior to essentially two other reasons that it would find that the additional notice was required. First is the practical side. It's necessary to effectuate the purpose of the statute. It just makes sense that a motion and a hearing would be had here to get everybody on the same page, to apprise everybody of the subject of the hearing and what the state is seeking to introduce. Second, if the court was to follow Brady, the notice requirement in the statute is rendered meaningless. Really, all it says is what's already required by discovery rules, that the evidence be disclosed at some point, some reasonable point prior to trial. That, again, that would render this entire, the entire notice requirement meaningless. It would direct the state to do nothing additional. But the ultimate question is whether the court's decision to deny the motion was an abuse of discretion. Here, the state missed the filing deadline, but they also missed the motion hearing. And even the second, even the continued motion hearing, they still had not filed their motion or motions. All of the parties were aware of the time constraints that they were laboring under. There'd been a fire in the courthouse that was limiting time. The court had scheduling conflicts coming up, and they were 21 days away from the running of the speedy trial. The statute requires that this be provided a reasonable time in advance of trial or during trial for good cause shown. Here, we're four days away from trial, and the state failed to provide any cause whatsoever for why this hadn't been done already. The court has controlled its own docket and the corresponding ability to sanction parties for violating its deadlines. Whether you look at this as analogous to discovery violations or from the standpoint of denying their motion to continue, the result's the same. It was a reasonable exercise. It was a reasonable exercise of the court's power to control its own docket. Continuances are in the discretion of the trial court and considered in light of the diligence of the moving party and the reasons given. Here, the state simply showed up at the final pretrial, also the date set for the second time for hearing on the motions, still without having filed a motion, though copies were provided at that time, and asked for another continuance. There was no reason given whatsoever. There was no indication that there was any diligence on their part. Under these circumstances, it was not a manifest abuse of discretion or a palpable injustice. As to the 11510 motion, as already discussed briefly, this court lacks jurisdiction as the court found in Lee. And even if this court does have jurisdiction, the state's waived any issues because the trial court agreed with their motion to reconsider, granted them everything they asked for. The jurisdiction question was addressed squarely in Lee, where the court found denial of the 11510 motion didn't result in the exclusion of evidence. Relying on KEF, the court found the state was still able to introduce the information through live testimony, only the form was different. This is exactly what distinguishes it from Curry, where this court found that the trial court's decision to exclude evidence of certified copies of prior convictions did result in the exclusion of evidence. But there, the difference was that we're talking about two entirely different forms of evidence. One is proof that he was convicted of this offense, and one is the inherently less certain and impeachable road of just offering testimony about the incident. So, Curry actually embraces the reasoning behind Lee, that the availability of live testimony as to the subject of the prior statement renders the denial of a 11510 motion unappealable. As in KEF and as in Lee, the state here was still free to present live testimony about the portions of the video that were disallowed, as long as they were otherwise admissible. Even if this court does have jurisdiction, the state affirmatively waived this issue by agreeing to the court's conduct. In fact, they did more than agree, they participated in crafting the order. Put another way, they won their motion to reconsider. The trial court gave them everything they asked for, but they're now arguing on appeal that they should have asked for and been granted more. At the hearing on the motion to reconsider, the court acknowledged its earlier decision had gone too far, and that the entire video, sorry, and that the video could be played, but not the entire video. This wasn't a surprise to everyone, to anyone, because everyone already agreed the were definitely parts of this video that were going to have to be excluded. Really, the entire reconsideration hearing was a discussion of what parts the state wanted admitted and how they were going to create a version of that to show everybody before it was actually introduced at trial. Here again, we find the state was simply unprepared. They should have had this taken care of weeks earlier. February 2 was set for this exact purpose. The state didn't file a motion and then asked to continue it. When they asked to continue the trial date, it was not really clear why they asked to continue the motion date as well, but they did. On the 23rd, they again sought to have the video admitted, agreed that not all of the video was admitted, and attempted to clarify what they wanted admitted by saying statements relating to the allegations in the indictment. They also said they'd provide the defense a redacted copy of the video. There's no explanation for why they didn't have a redacted copy for counsel and for the court at the final pretrial, four days before they're set to go to trial, and three weeks after it was originally set for hearing. At the motion to reconsider, then, they still didn't have a copy of what they proposed introduced. It didn't even have a comprehensive list of what they thought was admissible. Instead, they offered what they said was a partial list. The court understood that the court asked them what they wanted to have included. They said everything in the motion. The court granted that. The state then said, but that's not all. There are other things. The court said, I understand that. What do you want to have admitted? From when to when? The court gave a time frame, and the court granted that. At no time did the state say, we want these other parts of the video played. At no time did they say, well, we wanted to have the parts played that show the background and the rapport building and so on. And crucially, at no point did the court say they can't play that part. It was the day of trial, but they still didn't have a redacted copy of the video, or again, even just a proper explanation for the court about what they wanted to have admitted. They missed multiple opportunities to tell the court, we want to have this admitted. They had their initial motion. They had the initial motion hearing, the second motion hearing, and the motion to reconsider. They never said this. Now on appeal, they're saying that they meant to ask for this, but that's not how it works. An appeal isn't just a chance to do what you should have done at trial. The state prevailed on their motion. They received everything that they asked for orally or in writing, and any additional arguments are waived. If there are no other questions, thank you. I see no questions, thank you. Is there any rebuttal? Yes, your honor. As to the notice, it's in the statute at 7.3 C, I'm sorry, D, excuse me, and it says that you shall disclose it. It was disclosed here. The legislator certainly knows how to say you have to have a hearing outside of the presence of the jury, because they did so in 115.10 when it said that there had to be a hearing. This says notice, and again, especially given the facts of this case, everything was disclosed well prior to the severance of these charges. The exact incidents were in the indictment, so it isn't a surprise, and they had the VSI interviews of those same victims as well. As far as saying that we were granted everything we asked for, the record will speak for itself, but there was no way to come in with a redacted video on that date when the court had barred everything. So what we did is we came in, we gave examples, actually at that point trying to get the court to understand that it had made an entirely incorrect legal ruling by saying the child was If I can follow up, I mean you said there's a way to bring in a redacted copy. You have the ability to do that. That may have been a better practice. I understand there hadn't been a ruling on that at that point, but if you're going to be prepared to go to trial, you have to have at least put together what you anticipate if you're asking for a motion to reconsider you would like the problem here is that I don't believe if you look at the transcript, we conceded that all those other things were not admissible, and the court at that point had ruled everything inadmissible. Probably if you want, I mean if you look at the video, there's some indication of some things that happened in another state, in Missouri. It's very possible that's what was meant by we're not likely to get all of that in, although that could have also been propensity evidence had a motion or that been raised or attempted. But the rapport building, all of those things, those are 100% admissible. So I don't believe we forfeited it. If we did forfeit it, that certainly wouldn't be a limitation on this court. However, obviously some of it is going to come in now based on the court's ruling, and we do understand that. As to KEF, that was a foundational issue. It wasn't saying that you couldn't, you had it in another manner. It was saying you didn't present the foundation for this evidence. So it did not say, you know, that the court can pick and choose how the state meets its burden of proof. When we have our burden of proof, if it's not stipulated to, for example, when you use a defendant's conviction, if the defendant wants to stip to that element, then the state no longer has that burden of proof. That's not what happened here. We had to prove our case beyond a reasonable doubt, and we have a right to do it. And the, again, the Certificate of Impairment speaks for itself under the case law. I think that I would, I'm sorry, I apologize if I may have a Peterson case. The Peterson case said that a motion in limine is one way to give notice. Nothing in that case said that you must file a motion. And again, the plain language of 7.3 requires disclosure, which was done here. If there are no further questions, we would ask this court to find that the trial court did abuse its discretion and remand the case for further proceedings on those motions. Oh, I'm sorry, I apologize. One last thing. There were two, at least two motions in limine by the defense, unrelated to these issues, is my recollection, that were granted despite being on timely filed. Thank you. Thank you. I see no further questions. The court will take the matter under advisement and we thank you for your arguments. The case is submitted and we stand in recess.